UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHAWN DAMEL KUDINGO,<br><br>Petitioner,<br><br>vs.<br><br>MIKE MILSTEAD, Minnehaha County Sheriff; MARTY J. JACKLEY, The Attorney General of the State of South Dakota,<br><br>Respondents. | 4:23-CV-04192-RAL<br><br><br>OPINION AND ORDER DISMISSING PETITION |

Shawn Damel Kudingo, who is currently confined at the Minnehaha County Jail in Sioux Falls, South Dakota, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Kudingo filed a motion to proceed without prepayment of fees, Doc. 2, and submitted a certified prisoner trust account report, Doc. 3.

I.      **Motion to Proceed without Prepayment of Fees**

In the District of South Dakota, if a § 2241 petitioner has in excess of $25 on deposit in the prisoner's trust account, the petitioner must pay the initial filing fee to proceed with a 28 U.S.C. § 2254 case. D.S.D. Civ. LR 83.8(B). According to Kudingo's certified prisoner trust account report, the balance does not exceed $25.00. See Doc. 3. Thus, Kudingo's motion to proceed without prepayment of fees, Doc. 2, is granted.

II.     **Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241**

This Court is to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. Thus, this Court must screen Kudingo's petition and dismiss the petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court[.]" Rule 4 of the Rules Governing Section 2254 Cases; see Rule 1(b) of the Rules Governing Section 2254 Cases (extending the screening rule to petitions filed under § 2241).

Kudingo alleges that he is confined in the Minnehaha County Jail in the custody of Minnehaha County Sheriff Mike Milstead in violation of the Due Process Clause of the Fourteenth Amendment. Doc. 1 at 1–2. The Sioux Falls Police Department arrested Kudingo on September 9, 2023, and took him to the Minnehaha County Jail. Id. at 2. During his initial appearance before a magistrate judge on September 11, 2023, the State of South Dakota requested that the magistrate judge order that Kudingo remain in the custody of Sheriff Milstead, as Kudingo puts it, "contingent upon SHAWN DAMEL KUDINGO paying a ten-thousand dollar ($10,000) ransom to be released from the custody of Sheriff Mike Milstead." Id. at 3. The magistrate judge granted the State's request, and Kudingo has remained in the custody of Sheriff Milstead. Id.

Kudingo alleges that he "was born in the United States pursuant to the Fourteenth Amendment . . . [and] is a United States Trust pursuant to the Fourteenth Amendment[.]" Id. According to Kudingo, "[t]he United States did receive the sole Legal Title to SHAWN DAMEL KUDINGO from Lisa Ann Kudingo" on the date of his birth "pursuant to the Fourteenth Amendment to the United States Constitution." Id.

Kudingo's § 2241 petition alleges two reasons that his continued confinement in the custody of Minnehaha County Sheriff violates his Fourteenth Amendment Due Process rights. First, Kudingo alleges that because he is a "United States Trust", the United States is a necessary party to his state criminal proceedings, 49CRI-23-6118, but the United States was not provided notice of his September 11, 2023, "post deprivation hearing" and the South Dakota Rules of Criminal Procedure, Title 23A of the South Dakota Codified Laws, do not contain any provision that would permit joinder of the United States as a necessary party. Doc. 1 at 4–5. Kudingo alleges that the $10,000 "ransom" he was ordered to pay to be released from the custody of Sheriff Milstead violates his Fourteenth Amendment Due Process rights because "[n]o State shall make any Thing but gold and silver coin a Tender in Payment of Debts[,]" but none of the United States coins minted for circulation since 1964 have contained either gold or silver. Id. at 5–6.

In accordance with 28 U.S.C. § 2241(c)(3), this Court has authority to issue a writ of habeas corpus if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Kudingo's petition does not contain any colorable argument that he is custody in violation of the Constitution or laws of the United States. Neither the Supreme Court of the United States nor the United States Court of Appeals for the Eighth Circuit has held that the United States Constitution requires that the United States be joined as a necessary party in a state criminal proceeding commenced against a defendant born in the United States. Similarly, neither the Supreme Court of the United States nor the United States Court of Appeals for the Eighth Circuit has held that the United States Constitution or any federal law prohibits state courts from ordering state criminal defendants post bond using United States dollars rather than coins containing gold and silver. From a reading of the petition itself, this Court can determine

with confidence that it "plainly appears" that Kudingo is not entitled to the relief he seeks. Therefore, it is hereby

ORDERED that Kudingo's motion to proceed without prepayment of fees, Doc. 2, is granted. It is further

ORDERED that Kudingo's § 2241 petition, Doc. 1, is dismissed. It is finally

ORDERED that the Clerk of Court shall mail a copy of the petition, Doc. 1, this Opinion and Order, and the accompanying judgment on the Respondents, as well as mail a copy of this Opinion and Order and the corresponding judgment to Kudingo.

DATED this 8th day of December, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE